FILED
CLERK, U.S. DISTRICT COURT
12/4/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| UNITED STATES OF AMERICA, | CR   5:20-cr-00246-JGB |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 201(c)(1)(B): Public Official Receiving Illegal Gratuity; 18 U.S.C. §§ 209(a), 216(a)(2): Public Official Receiving Compensation from Private Party for Government Services] |
| NIZAR FARHAT, | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant NIZAR FARHAT ("FARHAT") was employed as a public official by the Department of Defense, an agency of the United States Government, as a Construction Manager, based at the Marine Corps Air Ground Combat Center, Twentynine Palms Base, Twentynine Palms, California.

2.   U.S. Company #1 was a privately-owned construction company.

3.   In May 2013, U.S. Company #1 was awarded a $15 million contract by the United States Navy to construct an aircraft hangar and a telecommunications facility at the United States Navy Base at Camp Lemonnier, Djibouti City, Republic of Djibouti ("Camp Lemonnier").

4.   Between June 2014 and December 2015, defendant FARHAT was assigned a temporary duty to Camp Lemonnier to oversee, among other responsibilities, U.S. Company #1's construction of the aircraft hangar and telecommunications facility.

5.   In April 2016, the Department of Defense certified that U.S. Company #1 had completed the construction of the aircraft hangar and telecommunications facility at Camp Lemonnier.

6.   In April 2017, U.S. Company #1 submitted Requests for Equitable Adjustment ("REAs") to the Department of Defense, seeking approximately $6.43 million in payments from the Department of Defense for additional costs U.S. Company #1 incurred during the construction of the aircraft hangar and telecommunications facility.

COUNT ONE

[18 U.S.C. § 201(c)(1)(B)]

7. The Grand Jury repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 6 of this Indictment as if fully set forth herein.

8. Beginning on or about December 18, 2015 and continuing until on or about October 25, 2017, in Riverside County, within the Central District of California, and elsewhere, defendant NIZAR FARHAT ("FARHAT"), a public official, otherwise than as provided by law for the proper discharge of official duties, directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to receive and accept something of value personally, namely, approximately $20,000 in cash, in return for and because of official acts performed and to be performed by defendant FARHAT, namely: (1) recommending that the Department of Defense certify the completion of U.S. Company #1's projects at Camp Lemonnier; and (2) recommending that the Department of Defense approve and pay the REAs U.S. Company #1 submitted.

## COUNT TWO

[18 U.S.C. §§ 209(a), 216(a)(2)]

9.  The Grand Jury repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 6 of this Indictment as if fully set forth herein.

10. Beginning on or about December 20, 2015, and continuing until on or about April 14, 2017, in Riverside County, within the Central District of California, and elsewhere, defendant NIZAR FARHAT ("FARHAT"), being an officer and employee of the executive branch of the United States Government, that is a Construction Manager employed by the Department of Defense, knowingly and willfully received salary, and contribution to and supplementation of salary, from a source other than the United States Government, as compensation for defendant FARHAT's services as an officer and employee of the executive branch of the United States Government, that is, approximately $14,000 in cash in exchange for providing advice and for drafting the REAs U.S. Company #1 submitted to the Department of Defense.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One through Two of this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

   a. all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any of the offenses; and

   b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                          A TRUE BILL

                                                /S/
                                            Foreperson

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

DAVID T. RYAN
Assistant United States Attorney
Terrorism and Export Crimes Section